# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1453 | **DATE** | 8/9/2002 |
| **CASE TITLE** | Amoroso vs. Crescent Private Capital et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/10/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 12-1) to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 12 2002 | |
| | Notified counsel by telephone. | date docketed | 21 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

LOUIS AMOROSO, )
)
           Plaintiff, )
)
vs. ) 02 C 1453
)
CRESCENT PRIVATE CAPITAL, L.P., a Delaware limited )
partnership; NANCY AMER; HUGH O'DONNELL; )
WASSERSTEIN ADELSON VENTURES, L.P., a Delaware )
limited partnership; TOWNSEND ZIEBOLD; TOM HUANG; )
SWANDER PACE CAPITAL, LLC, a Delaware limited liability )
company; BILL PACE; SCOTT SELLERS; THE CIT )
GROUP/VENTURE CAPITAL, INC., n/k/a TYCO CAPITAL, a )
Delaware corporation; ED BURNS; and MARK VANDER VEEN, )
)
)
           Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendants' CIT Group/Venture Capital Inc. ("CIT"), Ed Burns ("Burns"), and Mark Vander Veen ("Veen") (referred to herein collectively as "Defendants") motion to dismiss Plaintiff Louis Amoroso's ("Amoroso") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is denied.

### BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint, and we accept them as true for the purposes of this motion. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Defendants were investors in Drinks.com, Inc. ("Drinks.com"). Drinks was in the business of marketing beer, wine, and spirits through the internet. Amoroso took a position as

President of Drinks.com on July 1, 1999. By about September 2000, Drinks fell into difficult financial times and began to lay off employees, including Amoroso, whose employment was terminated on or about January 19, 2001. Drinks.com went out of business soon thereafter.

Amoroso initially filed this lawsuit on February 7, 2002. He subsequently filed his First Amended Complaint on April 5, 2002. Amoroso's complaint is based on alleged violations of the Illinois Wage Payment and Collection Act ("the WPCA"). He claims he has not been paid his full salary, earned vacation pay, and out of pocket expenses, despite the fact that other Drinks.com employees were paid in December 2000 by Defendants. He claims he is entitled to unpaid compensation allegedly earned between September 29, 2000 and January 19, 2001. He alleges the salary due him amounts to $46,327.05 and this figure does not include vacation pay and out of pocket expenses. Amoroso also seeks punitive damages and attorneys fees. Defendants move to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is to test the legal sufficiency of a complaint, not to decide the merits of a case. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). A party must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Ed Miniat, Inc. v. Globe Life Ins. Group Inc., 805 F.2d 732, 733 (7th Cir. 1986), cert. denied, 482 U.S. 915, 96 L. Ed. 2d 676, 107 S. Ct. 3188 (1987).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). We turn to the motion before us with these principles in mind.

## DISCUSSION

Defendants contend that Amoroso is precluded from bringing this lawsuit by the doctrines of *res judicata* and collateral estoppel because he alleges in his complaint that the wage claim he filed before the Illinois Department of Labor ("the IDOL") pursuant to the WPCA was denied. Defendants' motion is based on the following allegation in Amoroso's complaint: "The Illinois Department of Labor denied [Amoroso's] wage claim but indicated his right to file a private cause of action." First Amended Compl. ¶ 223.

The related doctrines of *res judicata* and collateral estoppel bar the relitigation of the same cause of action or issues by the same parties or their privies. Montana v. United States, 440 U.S. 147, 153 (1979); Pedigo v. Johnson, 474 N.E.2d 430, 432 (Ill. App. 4th Dist. 1985). The doctrines' purpose is to foster judicial economy and to discourage harassment of a defendant through multiple law suits. Allen v. McCurry, 449 U.S. 90, 94 (1980). Consequently, *res judicata* and collateral estoppel promote finality and certainty in legal relations. Id.

In their memorandum in support of their motion to dismiss, Defendants cite authority holding generally that a determination by a state administrative agency has preclusive effect, but Defendants

cite no authority addressing the specific issue before this court: whether a determination by the IDOL has preclusive effect. We now turn to that narrow issue.

The preclusive effect of *res judicata* and collateral estoppel may, as Defendants note, attach to administrative decisions. Pedigo, 474 N.E.2d at 432. However, contrary to Defendants' position in their supporting memorandum, the preclusive effect of *res judicata* or collateral estoppel does not necessarily attach to all administrative decisions; rather, it only attaches where the decisions by the administrative agency are judicial in nature. Pedigo, 474 N.E.2d at 432. In other words, the administrative agency must have acted in a judicial capacity. Id.; Rekhi v. Wildwood Indus., Inc., 61 F.3d 1313, 1319 (7th Cir. 1995).

The question thus becomes whether the IDOL's decisions are judicial in nature. There is limited case law addressing this issue. See Rekhi v. Wildwood Indus., Inc., 61 F.3d 1313, 1319 (7th Cir. 1995) (noting sparsity of case law directly on point). The Illinois courts that have considered the question, however, have all answered in the negative. Rekhi v. Wildwood Enterprises, Inc., 579 N.E.2d 1189 (Ill. App. Ct. 4th Dist. 1991) (holding IDOL's proceedings are not judicial in nature and, thus have no preclusive effect); Miller v. J.M. Jones Co., 555 N.E.2d 820 (Ill. App. Ct. 4th Dist. 1990) (instructing that IDOL's determination of wage claim is not binding in subsequent civil or criminal litigation); Zabel v. Cohn, 670 N.E.2d 877 (Ill. App. Ct. 1st Dist. 1996) (stating the IDOL has no binding adjudicatory power).

The Illinois courts' conclusion that the IDOL does not act in a judicial capacity is based on their interpretation of the WPCA. These courts interpret the WPCA as authorizing the IDOL "to assist any employee . . . in the collection of wages." Miller, 555 N.E.2d at 821. To accomplish this goal, the WPCA confers upon the IDOL only investigative and not adjudicative powers. See e.g.,

- 4 -

Zabel v. Cohn, 670 N.E.2d at 882. The section of the WPCA setting forth the IDOL's powers does not provide for a judicial determination. Miller, 555 N.E.2d at 822. Nor does the WPCA provide review procedures. Id. Indeed, the Illinois state court decisions instruct that actual liability under the WPCA "must be determined by the trial court on a *de novo* basis," even where the IDOL has already held a hearing on the particular claim at issue. Zabel, 670 N.E.2d at 882, Miller, 555 N.E.2d at 823. We find these courts' interpretation of the WPCA conclusive. See, e.g., Greco Color Corp., v. Illinois Dept. of Labor, 1988 WL 28725, at *1 (N.D. Ill. Mar. 18, 1988).

Defendants urge us to disregard these cases and, instead, decide the question anew. They call this court's attention to Stafford v. William M. Bowling, 407 N.E.2d 771 (Ill. App. Ct. 1st Dist. 1980), where an Illinois Appellate court noted that the IDOL may at times act like a court. Yet the Stafford court did not squarely address the issue currently before this court; its statement regarding the IDOL acting like a court was only dicta. Id.; Rekhi v. Wildwood Indus., Inc., 816 F. Supp. 1312, 1316 (C.D. Ill. 1993). Defendants also argue that the Seventh Circuit left the question open in Rekhi v. Wildwood Indus., Inc., 61 F.3d 1313, 1319 (7th Cir. 1995). The fact that the Seventh Circuit did not squarely address this issue does not undo the fact that Illinois Appellate courts have. In the absence of a Seventh Circuit opinion or Supreme Court of Illinois opinion dictating the opposite, this court follows the guidance of the Illinois Appellate court decisions on point. As such, we find that Amoroso's allegation that the IDOL's denied his wage claim does not preclude him from continuing with this lawsuit. Rekhi v. Wildwood Enterprises, Inc., 579 N.E.2d 1189 (Ill. App. Ct. 4th Dist. 1991); Miller, 555 N.E.2d at 820.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

/s/ Charles P. Kocoras

Charles P. Kocoras
Chief Judge
United States District Court

Dated:  August 9, 2002