# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1453 | **DATE** | 8/28/2003 |
| **CASE TITLE** | Amoroso vs. Crescent Private Capital et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Amoroso's motion (Doc 39-1) and defendants' primary motion (Doc 36-1), and we grant defendant's partial motion in the alternative. Summary judgment is entered for defendants on Counts XIII and XV of the First Amended Complaint. Pretrial order to be filed by September 25, 2003. Cause will then be placed on the pending trial calendar. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 53 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 AUG 28 PM 4:25 | date mailed notice | |
| SCT | courtroom deputy's initials | FILED FOR DOCKETING | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


LOUIS AMOROSO,   )
                )
        Plaintiff,   )
                )
vs.             )   02 C 1453
                )
CRESCENT PRIVATE CAPITAL, L.P.,   )
a Delaware limited partnership, NANCY   )
AMER, HUGH O'DONNELL,   )
WASSERSTEIN ADELSON VENTURES,   )
L.P., a Delaware limited partnership,   )
TOWNSEND ZIEBOLD, TOM HUANG,   )
SWANDER PACE CAPITAL, LLC, a   )
Delaware limited liability company, BILL   )
PACE, SCOTT SELLERS, THE CIT   )
GROUP/VENTURE CAPITAL, INC., n/k/a   )
TYCO CAPITAL, a Delaware corporation,   )
ED BURNS, and MARK VANDER VEEN,   )
                )
        Defendants.   )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on cross-motions for summary judgment. Plaintiff Louis Amoroso moves for summary judgment as against Defendants Crescent Private Capital, L.P. ("CPC"), Wasserstein Adelson Ventures, L.P. ("WAV"), Swander Pace Capital, LLC ("SPC"). Defendants CPC, WAV, SPC, Nancy Amer,



Hugh O'Donnell, Townsend Ziebold, Tom Huang, Bill Pace, and Scott Sellers move for summary judgment. Alternatively, should we deny Defendants' motion, they move for partial summary judgment on Amoroso's claims for attorney's fees. For the reasons set forth below, we deny Amoroso's motion and Defendants' primary motion, and we grant Defendants's partial motion in the alternative.

## BACKGROUND

Amoroso served as President/CEO of Drinks.Com, Inc. ("Drinks.Com") from June 1, 1999, until January 19, 2001. (Defendants' Statement of Facts ("Def. Facts") ¶¶ 26-27.) In September 2000 Drinks.Com incurred a cash shortfall. As a result, eventually all of Drinks.Com's staff was terminated except Amoroso. Amoroso left Drinks.Com on January 19, 2001, presumably because he had not received any compensation since the previous November. He now sues the Defendants under the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS § 115/1 *et seq.*, for unpaid salary, unused vacation, and reimbursement for out of pocket expenses incurred as President of Drinks.Com.

Defendants move for summary judgment on the ground that as a matter of law Amoroso was not an employee for Wage Act purposes. Amoroso moves for summary judgment on the ground that as a matter of law he was an employee and that Defendants

are employers for Wage Act purposes. Defendants also move, in the alternative, for partial summary judgment as to Amoroso's claims for attorney's fees.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

### I. Illinois Wage Payment and Collection Act

The Wage Act requires employers to "pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next

regularly scheduled payday for such employee." 820 ILCS § 115/5. The Act defines

an employee as:

> any individual permitted to work by an employer in an occupation, but shall not include any individual:
> (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
> (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and
> (3) who is in an independently established trade, occupation, profession or business.

820 ILCS § 115/2. In *Doherty v. Kahn*, 682 N.E.2d 163, 173 (Ill. App. Ct. 1997), the court applied subsection (1) in holding that the president of a company who maintains "control over the business and direction over the performance of his work" is not an employee under the Wage Act. However, one who is "not free from control and direction over the performance of his work", is not excluded from the definition of employee just because of his title as president or chief executive officer. *Margulis v. Medical Parts Int'l*, 1999 WL 183648, *10 (N.D. Ill. March 25, 1999).

Amoroso was President of Drinks.Com until his departure. Drinks.com was wholly owned by Drinks, Inc. ("Drinks"). (Def. Facts ¶ 14.) In addition to being President of Drinks.com, Amoroso was a member of the of the board of directors of both Drinks.Com and Drinks, (Def. Facts ¶ 28-29), and owned a substantial share of

Drinks's stock. (Def. Facts ¶ 30.)[1] Clearly, Amoroso was not an employee for Wage Act purposes prior to Drinks.Com's cash shortfall. Beginning with the company's financial troubles, however, Amoroso alleges that the board of directors took an active role in the operation of the company and directed and controlled his work from that time on. Defendants contest Amoroso's representation of this alleged usurpation of his executive powers. Thus, there is a disputed issue of fact as to the level of control and direction Amoroso possessed during the time he went unpaid at Drinks.Com and at the time he departed the company. Accordingly, both motions for summary judgment on the Wage Act claims are denied.

## II. Attorney's Fees

In addition to his Wage Act claims, Amoroso also seeks attorney's fees incurred in prosecuting his Wage Act claims at the Illinois Department of Labor ("IDOL") and in prosecuting the present litigation. In Illinois, it is "well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation

---

[1] Although Amoroso denied the substance of paragraph 30, it is deemed admitted because he failed to cite to "specific references to the affidavits, parts of the record, and other supporting materials relied upon" in support of his denial. *See* Local Rule 56.1(b)(3)(A).

specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity." *Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943).

With respect to attorney's fees incurred in the present litigation, Amoroso has utterly failed to oppose Defendants' motion. In Count XV of his First Amended Complaint, Amoroso alleges that he is entitled to such fees under Illinois's Attorneys Fees in Wage Actions Act ("Fees Act"), 705 ILCS § 225/1. The statute allows a successful Wage Act plaintiff to recover his attorney's fees if he made a demand in writing to the defendant(s) at least three days before bringing the action for a sum not in excess of the judgment. *Id.* Because Defendants state that Amoroso failed to comply with the written demand requirement and because Amoroso completely fails to rebut this accusation or even address the issue of statutory attorney's fees under the Fees Act, we grant Defendants' motion as to Count XV.

With respect to attorney's fees incurred during the IDOL proceeding (Count XIII of the First Amended Complaint), Amoroso, citing *Ritter*, 46 N.E.2d 41, and *Nalivaika v. Murphy*, 458 N.E.2d 995 (Ill. App. Ct. 1983), relies on a narrow exception to the American Rule. In *Ritter*, the Illinois Supreme Court laid out the exception as follows:

> [W]here the wrongful acts of a defendant involve the plaintiff in litigation with third parties or place him in such relation with others as to make it necessary to incur expense to protect his interest, the plaintiff can then recover damages against such wrongdoer, measured by the reasonable expenses of such litigation, including attorney fees.

*Ritter*, 46 N.E.2d at 44; *see also Nalivaika*, 458 N.E.2d at 997 (the exception to the American Rule permits "recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act").

Attempting to employ this exception, Amoroso argues that he was forced to bring the IDOL proceeding against Drinks.Com on account of Defendants' failure to pay him his lost wages. This argument fails for several reasons. First, there is no authority holding that the exception applies to proceedings before the IDOL as opposed to judicial proceedings in a court. Moreover, Amoroso did not even prevail in the IDOL proceeding. Second, the facts of the present case do not fit the exception. Defendants are not third party wrongdoers that caused Amoroso to institute a proceeding against Drinks.Com. Indeed, Amoroso himself vehemently argues that the Defendants stand in the *same* shoes as Drinks.Com. Thus, there is no third party wrongdoer as required under the exception. Finally, the exception only applies to actions involving real estate. *See Bussman v. Krizoe*, 520 N.E.2d 971, 974 (Ill. App. Ct. 1988) (the "exception is restricted to situations in which: (1) the party seeking fees was forced to preserve property rights in real estate due to the wrongful acts of another"); *see also Ritter*, 46 N.E.2d 41, and *Nalivaika*, 458 N.E.2d 995 (both involving fees incurred in litigating claims to real estate). Accordingly, we grant Defendants' motion as to Count XIII.

## CONCLUSION

Based on the foregoing analysis, we deny Amoroso' motion and Defendants' primary motion, and we grant Defendants's partial motion in the alternative. Summary judgment is entered for Defendants on Counts XIII and XV of the First Amended Complaint.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG 2 8 2003