Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1453 | **DATE** | 10/10/2003 |
| **CASE TITLE** | Amoroso vs. Crescent Private Capital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **ENTER MEMORANDUM OPINION:** We deny plaintiff's motion (Doc 54-1) for reconsideration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 OCT 10 PM 3:__ | date mailed notice | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS AMOROSO,           )
                         )
           Plaintiff,    )
                         )
    vs.                  )   02 C 1453
                         )
CRESCENT PRIVATE CAPITAL, L.P., et al.,  )
                         )
           Defendants.   )

**DOCKETED**
OCT 1 4 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Louis Amoroso's ("Amoroso") motion for reconsideration of our ruling on parties' cross-motions for summary judgment. For the reasons set forth below, we deny the motion for reconsideration.

## BACKGROUND

Amoroso served as President and CEO of Drinks.Com, Inc. ("Drinks.Com") from June 1, 1999, until January 19, 2001. Defendants are various investors in Drinks.Com. In September 2000, Drinks.Com incurred a cash shortfall and, as a result, eventually all of Drinks.Com's staff was terminated, with the exception of Amoroso. Amoroso left Drinks.Com in January 2001, presumably because he had not received any compensation since the previous November. Amoroso brought the present action

57

against Defendants under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("Wage Act"), for unpaid salary, unused vacation, and reimbursement for out of pocket expenses incurred as President of Drinks.Com.

Amoroso moved for summary judgment on the grounds that, *inter alia*, as a matter of law he was an "employee" for purposes of the Wage Act, while Defendants moved for summary judgment on the grounds that Amoroso was not an "employee" under the Wage Act. Finding that Amoroso "was not an Employee for Wage Act purposes" prior to Drinks.Com's demise, we denied both motions for summary judgment. Amoroso v. Crescent Private Capital, L.P., 2003 WL 22056345, *2 (N.D. Ill. 2003). Amoroso now moves to have our ruling concerning his status as a Wage Act employee reconsidered.

## LEGAL STANDARD

Even though the Federal Rules of Civil Procedure ("Rules") do not officially recognize a pleading called "motion to reconsider," courts generally construe such requests as being brought under Rule 59(e) or under Rule 60(b). Walker v. Abbott Laboratories, 340 F.3d 471, 475 (7th Cir. 2003). All motions to reconsider filed within ten days of the entry of judgment, including Amoroso's present motion, are treated as Rule 59(e) motions. Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) permits parties to file, within ten days of the entry of

a judgment, a motion to reconsider the judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. LB Credit Corp., 49 F.3d at 1267 (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Amoroso asks us to reconsider our rulings that he was not an "employee" under the Wage Act prior to Drinks.Com's cash shortfall and that genuine issues of fact existed concerning his status as an "employee" once Drinks.Com's financial problems began. The Wage Act defines an employee as:

any individual permitted to work by an employer in an occupation, but shall not include any individual:
(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; *and*
(2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; *and*
(3) who is in an independently established trade, occupation, profession or business.

820 ILCS § 115/2 (emphasis added).

In reaching our decision concerning Amoroso's status under the Wage Act, we relied on the opinion in Doherty v. Kahn, 682 N.E.2d 163 (Ill. App. Ct. 1997). In Doherty, the Illinois Court of Appeals found the Wage Act inapplicable in the case of the president of a company, because he "was an employee who also had *some control* over the business and direction over the performance of his work." Id. at 173 (emphasis added). The Doherty court reached its determination that the company president was not an "employee" without addressing the second and third prongs of 820 ILCS § 115/2. Observing that Doherty's posture was similar to the case at hand (company president seeking back pay under the Wage Act), we reasoned that (1) prior to Drinks.Com's financial troubles, Amoroso's control over Drinks.Com as president meant that he was not an "employee" for Wage Act purposes, and (2) following Drinks.Com's cash shortfall, the existence of disputed material facts regarding the level

of control Amoroso exerted during his unpaid tenure at Drinks.Com precluded the entry of summary judgment in his favor. Amoroso, 2003 WL 22056345 at *2.

Nevertheless, Amoroso claims that this court erred in our apprehension of the Wage Act and our reading of Doherty. Citing the Illinois Administrative Code as well as Illinois and federal case law, Amoroso argues that it is Defendant's burden to show that Amoroso is not an "employee" by establishing that he meets all three criteria enumerated in 820 ILCS § 115/2.[1] Because it has not been established that Amoroso meets the second and third criteria, he claims that he is entitled to summary judgment. Amoroso's arguments are not without merit.

In reaching our decision concerning Amoroso's status under Illinois law, Erie Railroad v. Tompkins, 304 U.S. 64, 80 (1938), mandates that this court must apply Illinois law as we believe that it would be applied if the issue were presently before the Illinois Supreme Court. State Farm Mut. Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001). When a state Supreme Court has not decided an issue, the rulings of the state intermediate appellate courts "must be accorded great weight" and should not be disregarded by a federal district court "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Id. (quoting West v. Am.

---

[1] Amoroso first raised this argument in his Response to Defendant's Motion for Summary Judgment at p. 5.

Tel. & Tel. Co., 311 U.S. 223, 237 (1940)). With these considerations in mind, we now turn to our earlier application of Doherty and the Wage Act.

The Doherty court determined that the Wage Act did not apply to a company president who satisfies the first of the three prongs of 820 ILCS § 115/2. Doherty, 682 N.E.2d at 173. The Doherty court did not address the second and third prongs of 820 ILCS § 115/2, nor mention any requirement that all three criteria must be satisfied to exempt a worker from the Wage Act. The Doherty opinion devoted no more than four sentences of discussion to 820 ILCS § 115/2's application, but did conclude that the company president in question "does not fall into the class of employees the Wage Act seeks to protect." Id. Valid arguments exist that the Doherty court incorrectly applied 820 ILCS § 115/2, that the Illinois Supreme Court would decide the case differently, and that this court's reliance on Doherty is thus misplaced.

Amoroso correctly points out that the Illinois Administrative Code refers to 820 ILCS § 115/2 as the "Independent Contractor Exemption," and states that "all three conditions enumerated in [820 ILCS § 115/2] must be satisfied for the . . . exemption to apply." 56 Ill. Adm. Code 300.460. This interpretation, that the Independent Contractor Exemption is a three-part conjunctive test with the burden on the party seeking the exemption, is supported by Illinois Supreme Court case law applying identical exemptions to other Illinois labor and employment statutes. For instance,

when applying a three-part Independent Contractor Exemption to the Illinois Unemployment Compensation Act, worded identically to 820 ILCS § 115/2, the Illinois Supreme Court held that the three conditions "are conjunctive, and that if an individual performs services for an employing unit, he is an employee under the act unless the [exemption seeking] party can prove all three of these requirements." Spahn v. Dept. of Labor, 25 Ill.2d 482, 487 (Ill. 1962). Applying an identically worded exemption to the Illinois Unemployment Insurance Act, the Illinois Supreme Court again reasoned that "because the three conditions . . . are phrased in the conjunctive, all three conditions must be satisfied for the independent contractor exemption to apply" and that "there is a strict burden of proof placed upon the party claiming the exemption." AFM Messenger Service, Inc. v. Dept. of Employment Security, 198 Ill.2d 380, 397-98 (Ill. 2002). These cases are consistent with "principles of statutory construction" which "interpret the term 'and' as conjunctive rather than disjunctive." City of Carbondale v. Bower, 773 N.E.2d 182, 186 (Ill. App. Ct. 2002).

While the above reasoning suggests that Doherty's application of 820 ILCS § 115/2 may be flawed, it should be noted that neither the Illinois Supreme Court, nor any other court has overturned or even criticized Doherty's holding. Instead, both federal and state courts have cited Doherty for the proposition that a worker "who is free from control and direction over the performance of his work" is not an "employee"

for Wage Act purposes, regardless of whether that worker meets the remaining two criteria of 820 ILCS § 115/2. See Bargenquast v. Nakano Foods, Inc. 243 F. Supp. 2d 772, 777 (N.D. Ill. 2002); Margulis v. Medical Parts Int'l, Inc., 1999 WL 183648, *9-10 (N.D. Ill. 1999); Baltimore Harbor Charters, Ltd. v. Ayd, 365 Md. 366, 391 (Md. 2000). This judicial affirmation, combined with a lack of ascertainable critique from other courts, bolsters Defendants' assertion that we should respect the "considered judgment," State Farm, 275 F.3d at 669, of the Illinois appellate courts.

While Amoroso disagrees with Doherty and this court's subsequent interpretation of the Wage Act, he has not demonstrated that our earlier interpretation of Illinois law was a "manifest error" that would constitute grounds for overturning our prior decision. Amoroso does not point to any cases, nor could this court locate any through our own research, where a motion for reconsideration was granted based on a valid but arguably incorrect federal court interpretation of state law. However, federal courts have made clear that a mere contention that state law has been misapplied does not satisfy the "manifest error" standard that is required for granting a motion for reconsideration. See Travelers Casualty & Surety Co. v. Elkins Constructors, Inc., 2000 WL 748091, *6-7 (S.D. Ind. 2000); Federal Deposit Ins. Corp. v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993). Despite our sympathy to Amoroso's reasoning, because motions for reconsideration are not vehicles for rehashing old

arguments (however persuasive) that have previously been presented to the district court, Dataquil Ltd. v. Handspring, Inc., 2003 WL 1895351, *1 (N.D. Ill. 2003), his motion is denied.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 1 0 2003