# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1453 | DATE | 11/25/2003 |
| CASE TITLE | Amoroso vs. Crescent Private Capital et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Amoroso's motion (Doc 58-1) to certify an interlocutory appeal is denied. Parties are given to January 12, 2004 to file the joint pretrial order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 6 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 61 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS AMOROSO,

        Plaintiff,

vs.                       02 C 1453

CRESCENT PRIVATE CAPITAL, L.P.;
NANCY AMER; HUGH O'DONNELL;
WASSERSEIN ADELSON VENTURES, L.P.;
TOWNSEND ZIEBOLD; TOM HUANG;
SWANDER PACE CAPITAL, LLC; and BILL
PACE; SCOTT SELLERS,

        Defendants.

**DOCKETED**
**NOV 2 6 2003**

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Louis Amoroso's ("Amoroso") motion to certify issues for interlocutory appeal. For the reasons set forth below, the motion is denied.

### BACKGROUND

The facts of this case have been previously set forth in detail in this court's opinions in Amoroso v. Crescent Private Capital, L.P., 2003 WL 22056345 (N.D. Ill. 2003) ("Amoroso I"), and Amoroso v. Crescent Private Capital, L.P., 2003 WL



22344098 (N.D. Ill. 2003) ("Amoroso II"). Only those facts relevant to this motion to certify an interlocutory appeal are briefly summarized below.

Amoroso served as the President and CEO of Drinks.Com, Inc., a failed company of which Defendants are various investors. Amoroso brought the present action against Defendants under the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS § 115/1 *et seq.*, for unpaid salary, unused vacation, and reimbursement for out-of-pocket expenses incurred as President of Drinks.Com, Inc. The parties filed cross-motions for summary judgment on the issue of whether Amoroso was an "employee" under the Wage Act. Amoroso argued that he was an "employee" for Wage Act purposes while Defendants argued that he was not. Relying on the Illinois First District Appellate Court decision in Doherty v. Kahn, 682 N.E.2d 163 (Ill. App. Ct. 1997), we denied both parties' motions. Amoroso I at *2. Amoroso then moved this court to reconsider our ruling concerning his status as a Wage Act "employee," arguing that we misapplied the law by relying on Doherty.[1] See Amoroso II. In denying Amoroso's motion for reconsideration, we did offer some criticism of Doherty's application of the Wage Act. However, we noted that despite possible flaws in Doherty's Wage Act analysis, it is the sole Illinois appellate case on the issue and

---

[1] For a full discussion on Doherty's construction of the Wage Act, as well as other courts' application of its holding, see Amoroso II at **2-4.

that the opinion has been followed by federal district and state supreme courts while being overturned by no court anywhere. Amoroso II at *3. For this reason, we found that our earlier reliance on Doherty, pursuant to Erie Railroad v. Tompkins, 304 U.S. 64, 80 (1938), did not constitute a "manifest error" that would warrant granting Amoroso's motion for reconsideration. Amoroso II at *4.

Having unsuccessfully presented the issue in Amoroso I and Amoroso II, Amoroso now asks this court to certify the following question for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), for the Seventh Circuit Court of Appeals: "whether under section 2 of the [Wage Act], the employer must prove all three criteria of the 'independent contractor' exception for the exception to apply against a corporate president."[2] Pl.'s Pet. at 10. In the alternative, Amoroso asks us to certify our holding in Amoroso II.

## LEGAL STANDARD

The relevant mechanism for appealing non-final orders provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

---

[2] Doherty says that the answer to this question is "no."

28 U.S.C. § 1292(b).

Motions under 28 U.S.C. § 1292(b) should be granted sparingly and with discrimination, with certification being the exception, not the rule. Praxair, Inc. v. Hinshaw & Culbertson, 1997 WL 662530, *1 (N.D. Ill. 1997). As a result, the party requesting interlocutory review carries the heavy burden of demonstrating "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972), *cert. denied* 405 U.S. 1041 (1972).

Before granting a motion to certify under 28 U.S.C. § 1292(b), a district court must determine that four criteria are met: (1) there must be a question of law, (2) it must be controlling, (3) it must be contestable, and (4) its resolution must promise to speed up the litigation. Ahrenholz v. Bd. of Trustees of the University of Illinois, 219 F.3d 674, 675-76 (7th Cir. 2000). With these factors and considerations in mind, we now turn to the substance of Amoroso's motion.

## DISCUSSION

Neither party disputes that the issue Amoroso seeks to certify presents a "question of law," so we will begin with addressing the second of the four Ahrenholz requirements, namely whether the question is controlling. A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation,

even if not certain to do so." Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996). Amoroso contends that because he is suing under the Wage Act, our application of Doherty and the Wage Act will have a determinative affect on the outcome of his case. He goes so far as to assert that his case "hinges on whether the [Wage Act] excludes one who is a corporate president as a matter of law." Pl.'s Pet. at 6. As Defendants point out, this contention is a misapprehension of our holding in Amoroso I. Instead, relying on Doherty's application of the Wage Act, we held that there is a disputed issue of fact as to the level of control and direction over his work that Amoroso possessed while at Drinks.Com. Amoroso I at *2. In any event, we acknowledge that Amoroso must demonstrate, *inter alia*, that he is an "employee" under the Wage Act in order to prevail at trial. Therefore, whether the second and third prongs of 820 ILCS § 115/2 need be satisfied (which Doherty, Amoroso I, and Amoroso II, say need not) for Amoroso to be disqualified from suing under the Wage Act is a controlling question of law that will have an impact on the outcome of this suit.

As to the next Ahrenholz requirement, a question of law is "contestable" if there are (1) substantial conflicting decisions regarding the claimed controlling issue of law or (2) the question is not settled by controlling authority and there is a "substantial likelihood" that the district court ruling will be reversed on appeal. Smith v. City of

Chicago, 2003 WL 1989612, *1 (N.D. Ill 2003). The answer to the first question is easily answered in the negative, as no court has overturned the Doherty holding at issue. The next step in our inquiry requires us to address separately the two issues Amoroso seeks to certify, namely whether we erred in applying Doherty and the Wage Act in Amoroso I, and whether we erred in choosing to not reverse that holding in Amoroso II. For both of these questions, it is clear that the Seventh Circuit Court of Appeals has not ruled on the issue (otherwise we would not be discussing Doherty in yet another opinion) so we need only discuss the fate of Amoroso I and Amoroso II on a hypothetical appeal.

Amoroso II provided a thorough analysis of our reasons for relying on Doherty in Amoroso I that need not be recited here. In short, we offered some criticism of Doherty and questioned how it would be resolved by the Illinois Supreme Court. In support of adhering to Doherty, we noted that it should be afforded substantial deference as it is the only Illinois appellate case to address the Wage Act issue in question, it has never been overturned or even criticized by any court (other than this one), and that it has been followed by two of our sister judges in the Northern District of Illinois as well as by the Maryland Supreme Court. Amoroso II at *3. While there is ample weight both for and against a potential Seventh Circuit reversal of Amoroso I, the balance does not tip far enough in Amoroso's favor to satisfy his burden of

demonstrating "substantial likelihood" of reversal. In addition, interlocutory appeals should not be allowed merely to provide a review of difficult rulings in "close call" cases, Praxair at *2, such as this one.

We further find that Amoroso's second issue for certification, our holding in Amoroso II, has little chance of being reversed on appeal. As the opinion noted, successful motions for reconsideration must present a manifest error of law or newly discovered evidence, and the discretion to grant such a motion is entrusted to the sound judgement of the district court. Amoroso II at *1. We feel that Amoroso II was well reasoned and that the Seventh Circuit would hold that we did not abuse our discretion in denying Amoroso's motion to reconsider.

Even if we were to find the questions for certification to be "contestable," certification would be proper only if it "promis[es] to *speed up* the litigation." Ahrenholz, 219 F.3d at 675 (emphasis in original). Amoroso claims that in the event of certification and a Seventh Circuit ruling in his favor, the litigation would return to the summary judgment stage, where we would rule to his benefit concerning his status as a Wage Act "employee," thereby averting trial. While we agree with Amoroso that avoiding trial would save time and resources for the parties, we disagree that a successful interlocutory appeal for Amoroso would eliminate the need for trial. This is because Amoroso I left unresolved whether Defendants are "employers" under the

Wage Act, finding disputed issues of fact on the question. <u>Amoroso I</u> at *2. Since Amoroso must demonstrate that Defendants are "employers" in order to recover under the Wage Act, he cannot avoid trial, regardless of how this court or the Court of Appeals rules on his questions for certification. With trial an inevitability, unless the parties can reach a settlement, certification will not speed up this case but certainly could slow it down. In addition to the delay that would accompany an interlocutory appeal, we would also consume time by being forced to revisit summary judgment if certification results in a favorable ruling to Amoroso. By not promising to accelerate this litigation, the fourth <u>Ahrenholz</u> factor is not satisfied, further making this an inappropriate case for certification.

## CONCLUSION

Based on the foregoing analysis, Amoroso's motion to certify an interlocutory appeal is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 2 5 2003